UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA MAHINSKE,

    Plaintiff,                                                 Case No.
                                                        Hon.

vs.

MEMBERSELECT INSURANCE COMPANY,
HEALTH CARE SERVICE CORPORATION,
a Mutual Legal Reserve Corporation,
ILLINOIS BLUE CROSS BLUE SHIELD
INSURANCE COMPANY, d/b/a
BLUE CROSS BLUE SHIELD OF ILLINOIS,
and SURGICAL CARE AFFILIATES, LLC,

    Defendants.
_____

JEFFREY A. BUSSELL (P65353)
MICHIGAN AUTO LAW, P.C.
Attorneys for Plaintiff
30101 Northwestern Hwy.
Farmington Hills, MI  48334
248-353-7575 | 248-254-8083
jbussell@michiganautolaw.com
_____

**COMPLAINT**

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint.


**NOW COMES** the Plaintiff, LISA MAHINSKE (hereinafter referred to as

1

"MAHINSKE"), by her attorneys, MICHIGAN AUTO LAW, P.C., and for the Complaint against Defendants, states as follows:

### Nature and Action and Jurisdiction

1. This is an action to:

    A. Declare Plaintiff's right to benefits and the priority of coverage under §502(a)(1)(B) of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA"), 29 U.S.C. §1132, and the Michigan No-Fault Act, M.C.L. §500.3101, et. seq.;

    B. Enjoin certain acts and practices and to obtain other appropriate equitable relief under §502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3).

2. This Court has jurisdiction over plaintiff's ERISA claims pursuant to 29 U.S.C. §1132(e)(1).

3. This Court has supplemental jurisdiction over plaintiff's claims arising under the Michigan No-Fault Act pursuant to 28 U.S.C. §1367(a).

4. Venue is proper in this district pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391(b).

### Parties and General Allegations

5. Plaintiff, MAHINSKE, is a beneficiary of the HEALTH CARE BENEFIT PROGRAM (hereinafter referred to as the "PLAN") of Defendant, SURGICAL CARE AFFILIATES, LLC (hereinafter referred to as "SGA"), through MAHINSKE's employment with SGA which is also sponsored by SGA but

administered by Defendants, HEALTH CARE SERVICE CORPORATION and/or ILLINOIS BLUE CROSS BLUE SHIELD INSURANCE COMPANY, doing business as BLUE CROSS BLUE SHIELD OF ILLINOIS (hereinafter collectively referred to as "BLUE CROSS"), and is also insured under an automobile insurance policy through MEMBERSELECT INSURANCE COMPANY, (hereinafter referred to as "AAA MICHIGAN"), providing coverage under the Michigan No-Fault Act.

6. Through her employment with SGA, MAHINSKE is provided with medical insurance benefits.

7. The PLAN is a self-insured, welfare benefit plan administrated under the terms of ERISA for the benefit of SGA employees and their families, including beneficiaries living in Michigan.

8. Defendant, AAA MICHIGAN is a Michigan insurance company that provides insurance coverage to Michigan residents under policies sold throughout Michigan.

**Factual Background**

9. MAHINSKE, was involved in a motor vehicle collision on March 24, 2017, in Richmond Township, Michigan, in which MAHINSKE sustained serious

3

injuries which arose out of the ownership, operation, maintenance and/or use of a motor vehicle as a motor vehicle within the meaning of defendant AAA MICHIGAN's insurance policy and the statutory provisions of the Michigan No-Fault Act, being MCLA 500.3101, et. seq.

10. MAHINSKE suffered, amongst other injuries, injury to her right knee, left wrist, both feet, as well as injuries to other parts of his body, externally and internally.

11. At all material times, MAHINSKE was entitled to health benefits provided by the PLAN in which she was a participant.

12. At all material times, the PLAN was a welfare plan that was administrated by BLUE CROSS.

13. At all material times the plaintiff was covered for Michigan No-Fault personal protection insurance (also referred to as "PIP") benefits through an automobile policy of insurance issued by AAA MICHIGAN, which provides for payment of all allowable expenses for MAHINSKE' medical care, recovery and rehabilitation in accordance with M.C.L. § 500.3107 and BLUE CROSS was aware or informed or had express/implied knowledge of the AAA MICHIGAN coverage.

14. In accordance with the terms of the Plan, sponsored by SGA and

4

administered by BLUE CROSS, numerous and substantial expenses for MAHINSKE' medical care and treatment, surgery, hospitalization and rehabilitation necessitated by the injuries MAHINSKE suffered in the March 24, 2017, motor vehicle accident were paid by or on behalf of the PLAN and/or SGA.

15. Under the Michigan No-Fault Act, pursuant to MCL 500.3135, MAHINSKE, is specifically prohibited from recovering any medical expenses from the driver and/or owner of the at-fault motor vehicle that caused the March 24, 2017, collision in which MAHINSKE was seriously injured.

16. The PLAN, sponsored by SGA and administered by BLUE CROSS, contains a purported provision requiring MAHINSKE, or those pursuing a legal claim on her behalf, to reimburse the PLAN for any expenses which the PLAN paid to or on behalf of MAHINSKE for any and all March 24, 2017 motor vehicle collision related care and/or treatment expenses out of any legal or other recovery made by or on behalf of MAHINSKE.  The purported reimbursement provision is allegedly without qualification and reimbursement is allegedly due notwithstanding the inability of MAHINSKE, or those acting on his behalf, to recover healthcare expenses in the third-party automobile negligence action, due to the limitations imposed by the

5

Michigan No-Fault Act, specifically MCL 500.3135.

17. The PLAN, sponsored by SGA and administrated by BLUE CROSS, also allegedly contains a purported provision giving the PLAN the right of subrogation with respect to any expenses which the PLAN paid to or on behalf of MAHINSKE related to the care and/or treatment of her March 24, 2017 motor vehicle collision related injuries, from any legal or other recovery made by or on behalf of MAHINSKE.  The purported reimbursement provision is allegedly without qualification and reimbursement is allegedly due notwithstanding the inability of MAHINSKE, or those acting on his behalf, to recover healthcare expenses in the third-party automobile negligence action, due to limitations imposed by the Michigan No-Fault Act.  MCL 500.3135.

18. The PLAN, sponsored by SGA, and administrated by BLUE CROSS, is silent with respect to any provision expressly creating a "lien" with regard to any claimed overpayment of motor vehicle collision related medical expenses.

19. At all material times, BLUE CROSS and/or SGA knew that the relevant PLAN did not create a valid and/or enforceable "lien" against a Michigan No-Fault third-party recovery.

20. At all material times, BLUE CROSS and/or SGA knew that the PLAN did not

have a valid and/or enforceable claim for reimbursement of medical expenses against a third-party automobile negligence settlement governed by the Michigan No-Fault Act.

21. At this time, unpaid March 24, 2017, motor vehicle collision related medical expense benefits, as well as additional unpaid personal injury protection benefits including, but not limited to, wage loss and replacement services benefits are due and owing to the Plaintiff by AAA MICHIGAN.

## COUNT I
## DECLARATION OF RIGHTS UNDER ERISA
## AND MICHIGAN NO-FAULT ACT

22. Plaintiff restates all of the previous allegations as incorporated herein.

23. The terms of the PLAN sponsored by SGA and administered by BLUE CROSS appears to be conflicting and ambiguous with respect to the duty of the Plan, to pay benefits in the context of a Michigan motor vehicle collision, but resolution of the ambiguity will not result in a valid claim for reimbursement against the plaintiff's third-party automobile negligence recovery.

24. To the extent that there is any other source of fund against which BOARD OF TRUSTEES may seek subrogation or reimbursement, it is the AAA MICHIGAN's PIP policy, which provides coverage for all medical expenses

7

arising from the March 24, 2017, motor vehicle collision.

25. If the "coordination of benefits" language of the Plan, sponsored by SGA and administered by BLUE CROSS, is enforceable, as initially determined by the administrators of the PLAN, then the PLAN, remains primary in priority and AAA MICHIGAN is secondary in priority.

26. If the Plan, sponsored by SGA and administered by BLUE CROSS, provisions regarding reimbursement/subrogation take precedence, essentially nullifying the "coordination of benefits" terms, then the Plan may have a right of reimbursement against AAA MICHIGAN.

27. To the extent that the PLAN, sponsored by SGA and administered by BLUE CROSS, has any valid claims of reimbursement of March 24, 2017, motor vehicle collision related medical expenses against the Plaintiff's third-party recovery, then those expenses were not really payable by the Plan, sponsored by SGA and administered by BLUE CROSS, thus AAA MICHIGAN must be deemed primary with respect to payment MAHINSKE' medical claims.

28. Under no circumstances is the Plaintiff, MAHINSKE liable for payment of medical expenses out of any third-party tort recovery, as the Michigan No-Fault Act prohibits a third party tort recovery of medical expenses.

29. Therefore, either the PLAN sponsored by SGA and administered by BLUE CROSS, or the AAA MICHIGAN PIP automobile policy, is responsible for paying March 24, 2017, motor vehicle collision related medical expenses incurred by MAHINSKE. Thus, it would be appropriate for the Court to declare respective rights of the parties in this regard.

**WHEREFORE**, Plaintiff requests this Honorable Court to declare the rights of the parties regarding Defendants' obligation to pay Plaintiff's March 24, 2017, motor vehicle collision related benefits and determine the priority of coverage under the terms of the PLAN, sponsored by SGA, and administered by BLUE CROSS, the AAA MICHIGAN's policy, ERISA and the Michigan No-Fault Act.

### COUNT II
### INJUNCTIVE RELIEF UNDER §502(a)(e) or ERISA

30. Plaintiff restates all of the previous allegations as incorporated herein.

31. The PLAN, sponsored by SGA and administered by BLUE CROSS, does not have a valid right of reimbursement, right of subrogation or lien of any kind against Plaintiff or his third-party tort claim, arising from the March 24, 2017 motor vehicle collision.

32. The Plaintiff is a beneficiary of the PLAN, sponsored by SGA and administered by BLUE CROSS, and is entitled to seek injunctive relief under §502(a)(3) of ERISA to prevent any further wrongful attempts to collect the

9

reimbursement debt allegedly owed to the PLAN, sponsored by SGA and administrated by BLUE CROSS.

33. Therefore, it would be appropriate and equitable for this Court to enjoin the PLAN, sponsored by SGA and administrated by BLUE CROSS, and its contractors and subcontractors, from making any further attempts to collect the alleged reimbursement debt from the Plaintiff.

**WHEREFORE**, Plaintiff requests this Honorable Court grant a permanent injunction against Defendants, prohibit them or their agents, subcontractors or anyone else from making any further attempts to collect the alleged reimbursement debt from the Plaintiff.

        MICHIGAN AUTO LAW, P.C.

By: /s/ Jeffrey A. Bussell
Jeffrey A. Bussell (P65353)
Attorneys for Plaintiff
30101 Northwestern Highway
Farmington Hills, MI  48334
248-353-7575 / 248-254-8083 [fax]
jbussell@michiganautolaw.com

Dated: June 7, 2019